# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DANNY K. HO,

    Plaintiff,

v.                               CASE NO. 8:18-cv-1669-T-02AEP

DANIEL GLENNON,

    Defendant.
_____/

## ORDER ENTERING JUDGMENT ON THE PLEADINGS

This matter comes before the Court upon the Defendant's Motion to Dismiss the Amended Complaint. (Dkt. 11). The Plaintiff filed a response in opposition. (Dkt. 19). The pro se complaint is not lucid, but appears to seek injunctive or mandamus-style relief whereby the Court is asked to order the Defendant to issue Plaintiff an airport security badge, or at least reopen his application and rule on it.

The Court construes the Motion to Dismiss as a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c). The Court enters judgment in favor of Defendant.

Plaintiff applied for a security badge or pass at the Tampa International Airport to enable him to work in non-public, secure areas. Plaintiff states that he has been employed in secure areas at other airports as his career, including for the Department of Defense, and never had credentialing problems at these other venues.

In 2017, when Plaintiff applied for his security badge at the Tampa Airport, the Airport authorities ran a routine fingerprint background check. His FBI fingerprint background check revealed 2012 arrests on two charges from state court in San Bernardino, California. One charge was "force assault with a deadly weapon (not firearm), great bodily injury," and the second charge appears to be "penal-code mayhem." The report seems to indicate the charges were "accusation set aside" although it is not altogether clear that the "accusation set aside" language applied to the first count. The records do not state exactly what "accusation set aside" means. The records also show misdemeanor charges from Alaska (2016) and, apparently, Michigan (2013).

The office at Tampa International Airport that issues the security badges requested Plaintiff to obtain certified copies of his court records from California to establish he did not have any disqualifying offense. The language from the

California charges differs from terminology used in Florida. The airport office requested this information under its authority found at 49 C.F.R. § 1542.101.[1]

Plaintiff refused to provide this additional information for clarification. He states that the record check proves he is innocent. He vows "Claimant has no intent to correct any information, as the Criminal History Record Check is true and correct." (Dkt. 19, at 2). He notes that to do so would pervert the presumption of

---

[1] § 1542.101 charges the airport operator with vast security duties and extensive discretion. *See generally* 49 C.F.R. §154.209, titled "Fingerprint-based criminal history records checks (CHRC)"
> . . . .
> (b) Individuals seeking unescorted access authority. Except as provided in paragraph (m) of this section, each airport operator must ensure that no individual is granted unescorted access authority unless the individual has undergone a fingerprint-based CHRC [criminal history records check] that does not disclose that he or she has a disqualifying criminal offense, as described in paragraph (d) of this section.
> . . . .
> [(g)](1) When a CHRC on an individual seeking unescorted access authority discloses an arrest for any disqualifying criminal offense listed in paragraph (d) of this section without indicating a disposition, the airport operator must determine, after investigation, that the arrest did not result in a disqualifying offense before granting that authority. If there is no disposition, or if the disposition did not result in a conviction or in a finding of not guilty by reason of insanity of one of the offenses listed in paragraph (d) of this section, the individual is not disqualified under this section.

innocence found in the Universal Declaration of Human Rights Article 11, and would constitute "Administrative Violence."

Plaintiff firmly repeats he has "NO <u>intent to correct</u>" the background record check. (Dkt. 19, at 3) (emphasis in original). As Plaintiff would not provide the registered certified copies from San Bernardino, California charging authorities, his badge application at the Tampa airport was not processed further. His badge application was not denied, but due to the failure of Tampa Airport to finish processing his application for the security pass, Plaintiff has been without his choice of employment.

**I. The Agency was within its Discretion to Request a Certified Copy of Clarification of Plaintiff's Criminal Records**

The criminal history background check is attached to Plaintiff's complaint. (Dkt. 4, at 6-10). It is not entirely clear. The San Bernardino, California charges are fairly recent and are very serious. Although it appears the "mayhem" charge was "set aside," the disposition of the charge of "assault with a deadly weapon, not firearm, great bodily injury" is not entirely clear. It probably *was* set aside. No sentencing for either charge is shown. But the Tampa International Airport is not required to guess. The airport is within its very broad discretion as a guarantor of

airport safety to ask for certified copies from Plaintiff before it issues him a secure-access pass to the non-public areas at the airport.

Plaintiff's refusal to comply is his choice, but the impasse does not entitle him to coercive relief from the Court.

### II. Plaintiff States No Cause of Action against Defendant Glennon

Plaintiff has stated no cause of action against Mr. Daniel Glennon, either as a matter of fact shown in the complaint and attachments, or as a matter of law. Plaintiff was instructed by the Court when his first complaint was dismissed, *see* docket 3, that he had the wrong defendant. The addition of Mr. Glennon, who is identified as "Airport Security Coordinator Point of Contact" does not cure that deficiency.

**ACCORDINGLY,** final judgment is entered in favor of defendant Glennon on all allegations. The amended complaint is not susceptible to cure a third time. The Clerk shall close the case.

**DONE AND ORDERED** at Tampa, Florida, on October 16, 2018.

    s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record and Plaintiff, *pro se*